UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID H. CHANG,<br><br>Defendant | Criminal No. 22cr10044<br><br>Violation:<br><br>Count One: Receipt of Child Pornography<br>(18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 2253) |

INDICTMENT

COUNT ONE
Receipt of Child Pornography
(18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1))

The Grand Jury charges:

Beginning no later than on or about April 2, 2021 and continuing until on or about January 19, 2022, in Cambridge, in the District of Massachusetts, and elsewhere, the defendant,

DAVID H. CHANG,

knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1).

1

## CHILD PORNOGRAPHY/CHILD EXPLOITATION FORFEITURE ALLEGATION
(18 U.S.C. § 2253)

The Grand Jury further finds:

1. Upon conviction of receipt of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1), set forth in Count One, the defendant,

DAVID H. CHANG,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. Mac Mini Desktop Computer,
2. MacBook Pro S/N C02CQ3JRMD6T,
3. Samsung Galaxy S8+ cell phone - black FCC ID: A3LSMG955U,
4. Apple iPhone – silver,
5. Apple iPad A2197,
6. MacBook Laptop A1989 S/N C02X807ZJHD5,
7. Asus Laptop S/N G1N0CV17E38803E,
8. Samsung External Hard Drive, and

9. Western Digital External Hard Drive,

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN TOLKOFF
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: February 23, 2022
Returned into the District Court by the Grand Jurors and filed.

                                         /s/ Thomas F. Quinn  2/23/22 @ 11:55am.
                                         DEPUTY CLERK